UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HERBERT C. GRIFFIN,

               Plaintiff,

   v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

               Defendant.

Case No. C17-308-RAJ

**ORDER DENYING MOTION TO RECONSIDER AND VACATE**

The Commissioner moves the Court to reconsider and vacate its order directing her to supplement the record. Dkts. 11, 12. Under Local Rule 7(h):

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior court ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Reconsideration is an "extraordinary remedy to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., *Moore's Federal Practice* § 59.30[4] (3d ed.2000). Here, the Commissioner has neither demonstrated manifest error, nor presented newly discovered evidence or legal authority.

The Court rejects the Commissioner's arguments. The Appeals Council not only

necessarily considered the evidence in question submitted by Mr. Griffin in determining it was "about a later time" but ultimately granted review of the ALJ's decision. Tr. 1-8. The Appeals Council then issued its own decision modifying the ALJ's decision and finding Mr. Griffin not disabled. Tr. 5-8. Thus, it is the Appeals Council's decision, including its consideration of the subject evidence, which became the Commissioner's final decision and subject to judicial review. *See* 20 C.F.R. § 416.1481 ("The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you or another party file an action in Federal district court, or the decision is revised."); *Sims v. Apfel*, 530 U.S. 103, 106-7 (2000) ("SSA regulations provide that, if the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision").

The Court is not persuaded by the Commissioner's attempt to distinguish between evidence the Appeals Council "looked at" as opposed to evidence it "considered" as a basis for excluding certain evidence from the record on appeal. Dkt. 12 at 6. The Commissioner may ultimately be correct that this evidence is about a later time and thus not relevant to the period of time in question but this is not a basis to exclude evidence submitted by Mr. Griffin for consideration from the record. 20 C.F.R. §§ 404.968(a), 416.1468 (In requesting review by the Appeals Council, the regulations state that "[a]ny documents or other evidence you wished to have **considered** by the Appeals Council should be submitted with your request for review.") (emphasis added). The Appeals Council, as the final decision maker, may not simply pick and choose what evidence submitted by Mr. Griffin for consideration makes it into the record for the Court to review. *See Price v. Berryhill*, No. 17-5149-BAT, 2017 WL 4675644 at *2 (W.D. Wash., Oct. 18, 2017) (finding that evidence submitted to the Appeals Council which determined it was about "a later time" was part of the record and that 42 U.S.C. § 405(g) which requires the

Commissioner to "file a certified copy of the transcript of record" does not "grant the Commissioner carte blanche to pick and choose what evidence makes it into the record."). The Commissioner's arguments amount to a disagreement with the Court's interpretation of the evidence and how the Court applied the law to the facts of this case. However, these arguments fail to establish a manifest error of law or fact.

For the reasons stated above, the Court **DENIES** the Commissioner's motion to reconsider and vacate (Dkt. 12). The Commissioner is directed to comply with the Court's order to supplement record (Dkt. 11) on or before **November 29, 2017**.

DATED this 27th day of November, 2017.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER DENYING MOTION TO RECONSIDER AND VACATE - 3