UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HERBERT C. GRIFFIN,

                Plaintiff,

    v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

                Defendant.

Case No. C17-308 RAJ

**ORDER REVERSING AND REMANDING THE CASE FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff Herbert C. Griffin filed a pro se complaint requesting the Court reverse the Commissioner's decision finding him not disabled. Dkt. 4. After scrutinizing the record, the Court finds the Commissioner harmfully erred by failing to provide any reason to reject Mr. Griffin's testimony that he cannot sit, stand, or walk for more than one hour at a time. Accordingly, as discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**BACKGROUND**

Mr. Griffin is currently 49 years old and has worked as a truck driver. Tr. 33. He applied for benefits, alleging disability as of August 3, 2013. Tr. 27. His applications were denied initially and on reconsideration, and he requested a hearing before an Administrative Law Judge

(ALJ). Tr. 27.

A. **The ALJ's Decision**

After the ALJ conducted a hearing on January 6, 2015, the ALJ issued a decision finding Mr. Griffin not disabled. Tr. 27-34. Using the five-step disability evaluation process described in 20 C.F.R. §§ 404.1520, 416.920, the ALJ found:

> **Step one:** Mr. Griffin has not worked since August 3, 2013, the alleged onset date.
>
> **Step two:** He has the following severe impairments: diabetes with neuropathy, chronic pain, depression and adjustment disorder.
>
> **Step three:** These impairments do not meet or equal the requirements of a listed impairment as defined in 20 C.F.R. Part 404, Subpart P. Appendix 1.
>
> **Residual Functional Capacity (RFC):** Mr. Griffin can perform sedentary work, but with these limits: frequent overhead reaching bilaterally, occasional postural activities, no climbing ladders, ropes or scaffolds, avoid concentrated exposure to hazards. He can learn, understand, remember and carry out simple routine repetitive tasks in two hour increments. He can walk with a cane in his right hand, as needed.
>
> **Step four:** Mr. Griffin cannot perform his past relevant work as a truck driver.
>
> **Step five:** As there are other jobs that exist in significant numbers in the national economy that he can perform, Mr. Griffin is not disabled.

Tr. 29-34.

B. **The Appeals Council Decision**

Mr. Griffin apparently obtained counsel only for his appeal to the Appeals Council. *See* Tr. 269-72. The Appeals Council granted Mr. Griffin's request for review, clarified the ALJ's findings at steps two, four, and five, but still found Mr. Griffin was not disabled. Tr. 5-6. At step two, the Council clarified the "chronic pain" finding as "impingement syndrome with partial rotator cuff tear" but noted that the ALJ had, in any case, already "considered the effects of the claimant's severe shoulder impairment." Tr. 6. The Council also noted the ALJ had erroneously listed light jobs Mr. Griffin could perform, while his RFC was limited to sedentary. Tr. 6. The

Council adopted the sedentary RFC and found at step four that Mr. Griffin could not perform his past work. *Id.* Using the vocational expert's testimony at the ALJ's hearing to conclude that Mr. Griffin could perform the sedentary unskilled jobs of assembler, sorter, and visual inspector, the Council found at step five that Mr. Griffin could perform jobs found in significant numbers and thus was not disabled. Tr. 6-7. The Appeal Council's decision modifying the ALJ's decision is thus the Commissioner's final decision, which the Court now reviews. Tr. 5-8.

## DISCUSSION

Mr. Griffin asks the Court to reverse the Commissioner's final decision and remand for payment of benefits or for further administrative proceedings before an ALJ. Dkt. 18 at 6. In his pro se complaint, Mr. Griffin alleges the ALJ "overlooked" what he and his doctors explained. Dkt. 4 at 3, ¶ 6. The Court noted in the Scheduling Order that the Court understands Mr. Griffin's complaint to "challenge the ALJ and the Appeal's Council's evaluation of the medical evidence and his own testimony" with respect to his shoulder and diabetes impairments. Dkt. 15 at 2.

The Court may reverse the ALJ's decision finding a person not disabled "only if it is not supported by substantial evidence or is based on legal error." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* The Court cannot make its own findings, but must consider the entire record as a whole in determining whether the Commissioner's conclusions have a reasonable basis. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). Additionally, where a party proceeds pro se, the Court must construe the allegations of the pleading liberally and afford him the benefit of any doubt. *See Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en

ORDER REVERSING AND REMANDING
THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 3

banc).

**A.   Mr. Griffin's Testimony**

Mr. Griffin contends the ALJ erred in deeming his testimony "partially credible," arguing that he has "never lie[d]" in any courtroom. Dkt. 18 at 4. The ALJ largely accepted Mr. Griffin's testimony, concluding that "the allegations of disabling symptoms and limitations from pain are credible and that a reduced RFC is appropriate." Tr. 32. The ALJ found that "his allegations of painful feet requiring use of a cane to assist are supported by the evidence" and included cane use in the RFC. Tr. 31, 32. Mr. Griffin testified that he can lift 35 pounds, which the ALJ accepted. Tr. 32. The ALJ found that Mr. Griffin complained of "loss of concentration" and accordingly imposed limitations in the RFC of only simple, routine, repetitive tasks. Tr. 31, 32.

**1.   Sit/Walk/Stand Limitations**

Mr. Griffin testified he can sit, stand, or walk for up to one hour each. Tr. 69-70. The ALJ implicitly discounted this testimony by determining that he has the RFC to work in two-hour increments. Tr. 31, 32.

Where, as here, the ALJ finds the claimant's impairments could reasonably be expected to cause his symptoms and there is no affirmative evidence of malingering, the ALJ can only reject the claimant's testimony for specific, clear and convincing reasons. *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014).

The ALJ did not provide any reason to discount Mr. Griffin's testimony that he can only sit, stand, or walk for an hour.[1] Nor did the ALJ make a generalized finding of credibility, other

---

[1] While the ALJ gave "some weight" to state agency nonexamining physicians who opined in September 2013 that Mr. Griffin could sit, stand, or walk for six hours each total in an 8-hour work day with normal breaks, the ALJ did not cite these opinions as a reason to discount Mr.

than a boilerplate statement that his testimony is "partially credible." Tr. 32; *see Light v. Soc. Sec. Admin.*, 119 F.3d 789, 793 (finding error because "the ALJ failed to articulate an acceptable reason either for disbelieving Light's testimony in general or for discrediting his pain testimony specifically"). The ALJ's entire analysis of Mr. Griffin's testimony was as follows:

> The claimant's testimony is partially credible. He testified that he could stand one hour, walk 30 to 60 minutes depending on his foot pain and sit for an hour. He can lift/carry 35 pounds occasionally, or 17 with his dominant right arm and 12 with his left. This level of exertional capacity belies the allegation of a severe residual shoulder impairment. He underwent debridement and MRIs show a remaining partial tear, but he evinces no limitations related to it. At the same time, his allegations of painful feet requiring use of a cane to assist are supported by the evidence. In addition to the supportive medical findings, consideration of regulatory factors leads to a conclusion that the allegations of disabling symptoms and limitations from pain are credible and that a reduced RFC is appropriate. 20 CFR 404.1529(c)(3); SSR 96-7p. Overall, his diabetes is accompanied by hyperglycemia, loss of sensation and neuropathy. His toe problems appear to have resolved, with removal of two toenails and re-growth without incident. There is not nephropathy, retinopathy or other complications. The diagnosis of depression is not supported by actual treatment and he does not complain of functional limitations beyond the loss of concentration caused by his medications.

Tr. 32. The Appeals Council adopted the ALJ's analysis. Tr. 7. The Commissioner's briefing does not address the issue of Mr. Griffin's testimony.

The Court concludes the ALJ erred by failing to provide any reason, much less a specific, clear and convincing reason, to discount Mr. Griffin's testimony. The error is harmful because the RFC, and hypothetical questions to a vocational expert, must include all of the claimant's limitations, and did not. *See* 20 C.F.R. § 416.945(a); *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002). On remand, the ALJ must reevaluate Mr. Griffin's testimony.

**2. Vision**

Mr. Griffin argues his "blurry vision" is a severe impairment that the ALJ failed to take

---

Griffin's testimony. Tr. 32 (citing Tr. 86, 93).

into account. Dkt. 16 at 4. At the hearing, Mr. Griffin had two pairs of glasses with him. Tr. 60. He testified that with one pair he could see far away ("right now you're perfectly focused") and with the other pair he could see near (paperwork "is all perfectly legible"). Tr. 61. "Impairments that can be controlled effectively with [treatment] are not disabling for the purpose of determining eligibility for SSI benefits." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Because his vision is correctable with glasses, Mr. Griffin does not have a severe vision impairment for purposes of the disability determination, and thus the Court finds no error.

### 3. Assistive Devices

Mr. Griffin also argues that the ALJ erred by failing to take into account evidence that his cane, "Extra Depth Type Shoes" and walker are all prescribed, not merely suggested, by his doctors. Dkt. 16 at 1-2. The Court disagrees. The ALJ included use of the cane in the RFC and thus any error is harmless. While use of a cane might create a limitation because it may reduce an employee's capabilities (for example, an employee cannot carry anything in his right hand while walking), there is no indication that use of special shoes creates a limitation. Lastly, it appears that Mr. Griffin began using the walker sometime after the ALJ's decision on April 24, 2015, and thus it is not relevant to the disability determination that the Court is reviewing.

## B. Medical Evidence

The medical record is remarkably sparse—as the ALJ noted, there are no medical opinions from any treating or examining physician. Tr. 32. The only medical opinions are from two state agency physicians who did not examine Mr. Griffin. *Id.* In addition, Mr. Griffin's pro bono counsel requested the Appeals Council obtain additional treatment records from 2013. Tr. 273 (citing Tr. 252-53). It is unclear whether the request was granted or all relevant records have

now been received and considered. *See* Tr. 5. An ALJ has a duty to fully and fairly develop the record and ensure that the claimant's interests are considered, being especially diligent when as here the claimant is unrepresented. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). On remand, the ALJ should consider whether to further develop the medical evidence.

**C.      RFC Determination**

Mr. Griffin contends the ALJ erred by using three different RFC determinations in her decision. Dkt. 16 at 4. Mr. Griffin is correct; however, the Appeals Council recognized and corrected the error. Tr. 6. The ALJ defined a sedentary RFC, which the Appeals Council adopted and is the RFC at issue in this case. Tr. 31. However, at step four, the ALJ mistakenly referred to a light RFC as the reason that Mr. Griffin could not perform his past medium-duty work as a truck driver. Tr. 33. The Appeals Council noted that, with the correct sedentary RFC, Mr. Griffin is still unable to perform his past work. Tr. 6. Again at step five, the ALJ erroneously referred to an RFC to perform light work with additional limitations. Tr. 33. The Appeals Council revised this finding, using the correct sedentary RFC, and found that Mr. Griffin could perform sedentary jobs that the vocational expert testified existed in significant numbers. Tr. 6-7. Thus, while the ALJ did err, the error was harmless because it did not affect the outcome of the disability determination. *See Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (error is harmless if "inconsequential to the ultimate nondisability determination").

Mr. Griffin further argues the Commissioner erred by not including all of his limitations in the sedentary RFC. The RFC at issue states:

> [T]he claimant has the RFC to perform sedentary work as defined in 20 CFR 404.1567(c) and 416.967(c)[2] except frequent overhead reaching bilaterally;

---

[2] The ALJ presumably meant subsections (a) in both regulations, because subsections (c) refer to

occasional postural activities, no climbing of ladders, ropes or scaffolds; need to avoid concentrated exposure to hazards (i.e., unprotected heights and moving dangerous machinery); he can learn, understand, remember and carry out simple routine repetitive tasks in two hour increments. Additionally, he can ambulate with a cane in his right hand, as needed.

Tr. 31. "Jobs are sedentary if walking and standing are required occasionally" only. 20 C.F.R. §§ 404.1567(a), 416.967(a). "'Occasionally' means occurring from very little up to one-third of the time." SSR 83-10, available at 1983 WL 31251, at *5.

Mr. Griffin argues that the evidence supports a sedentary RFC with additional "limitations in both upper and lower extremities." Dkt. 16 at 4. The RFC does limit upper extremity overhead reaching bilaterally, and it does impose limits regarding lower extremities by requiring that he be permitted to use a cane when walking. Mr. Griffin does not explain how the evidence supports any greater limitations on upper[3] or lower extremity use, and thus the Court finds no error. *See Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (plaintiff bears the burden of proving he is disabled). In any case, on remand the ALJ must reevaluate Mr. Griffin's testimony and consider whether to further develop the record, and thus will have the opportunity to reconsider the RFC.

**D.  Vocational Expert**

Mr. Griffin argues that the ALJ and Appeals Council erred in relying on the vocational expert's testimony at step five. Dkt. 16 at 3. The hearing transcript shows that the ALJ posed several hypotheticals to the vocational expert, including one that matched the sedentary RFC in the ALJ's decision. Tr. 79. The expert testified that such a hypothetical person could perform the jobs of assembler, sorter, and visual inspector. Tr. 80. The Appeals Council relied on this

---

medium work.

[3] Mr. Griffin testified that he can lift 35 pounds, which is well above the 10-pound limit for sedentary work. See 20 C.F.R. §§ 404.1567(a), 414.967(a).

testimony to conclude that Mr. Griffin could perform jobs that existed in significant numbers and thus was not disabled. Tr. 6, 8. The Court concludes the Commissioner did not err in relying on the vocational expert's testimony. However, as discussed above, on remand the ALJ will reconsider Mr. Griffin's testimony and the medical record and, if the RFC is reformulated, may require additional vocational expert testimony.

**E.      Scope of Remand**

In general, the Court has discretion to remand for further proceedings or to award benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014). The Court may remand for further proceedings if enhancement of the record would be useful. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 1990). The Court may remand for benefits where (1) the record is fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ fails to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison*, 759 F.3d at 1020. "Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101.

Here, there is conflicting evidence in the record and it is not clear that the ALJ would be required to find Mr. Griffin disabled if his testimony were properly considered. It is also unclear whether relevant medical evidence is missing and whether the ALJ should further develop the record. Because the record as it stands does not compel a finding of disability, the Court finds it appropriate to remand this case for further administrative proceedings. *See Treichler*, 775 F.3d at 1107.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reevaluate Mr. Griffin's testimony, develop the record as needed, reassess the RFC and continue to step five as necessary.

DATED this 2nd day of July, 2018.

The Honorable Richard A. Jones
United States District Judge